## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ROBERT L. SALIM,** | * | **CIVIL ACTION NO. 1:19-cv-00442** |
|     **Plaintiff** | * | |
| **VERSUS** | * | |
| | * | **JUDGE DRELL** |
| **BLUE CROSS and BLUE SHIELD OF LOUISIANA,** | * | |
| | * | |
|     **Defendant** | * | **MAGISTRATE JUDGE PEREZ-MONTES** |

\*   \*   \*   \*   \*   \*   \*

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S PETITION

**NOW INTO COURT**, through undersigned counsel, comes Defendant Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana ("BCBSLA"), who files this Answer and Affirmative Defenses to Plaintiff's Petition, respectfully representing as follows:

### First Affirmative Defense

Plaintiff fails to state a claim for which relief can be granted.

### Second Affirmative Defense

All provisions of Louisiana law are completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. 1001, *et seq.* BCBSLA specifically pleads that the provisions of ERISA apply to all issues.

### Third Affirmative Defense

BCBSLA avers that it timely, correctly, properly, and fully performed all the responsibilities it had under the provisions of ERISA and the Employee Health Benefit Plan of Robert L. Salim, APC ("the Plan"), provided to the employees of Robert L. Salim APC, as they relate to Plaintiff.

### Fourth Affirmative Defense

Plaintiff's Petition should be dismissed as Plaintiff has failed to identify which, if any, provision(s) of the "employee benefit plan" allegedly provided benefits or which were violated by BCBSLA.

### Fifth Affirmative Defense

Recovery in this case, if any, is limited to those remedies available under Section 502(a)(1)(B) of ERISA, 29 U.S.C. § 1132(a)(1)(B).

### Sixth Affirmative Defense

BCBSLA specifically alleges that it has acted within its "full discretionary authority" in determining benefits according to the terms of the Plan.

### Seventh Affirmative Defense

The services for which Plaintiff seeks benefits are not covered by the Plan.

### Eighth Affirmative Defense

If the services and/or treatment in question are covered, which is denied, payment for such is to be made according to the terms of the Plan, without regard to the amount(s) billed.

### Ninth Affirmative Defense

All decisions made with respect to Plaintiff's claim(s) for benefits were made in good faith, in accordance with the terms of the Plan, and in the interest of the Plan and all the Plan participants and beneficiaries, and they were made in a reasonable manner based upon facts known at the time of the decision and were neither wrong nor arbitrary and capricious.

### Tenth Affirmative Defense

Plaintiff's claims, remedies, and damages are limited by the terms and conditions of the Plan at issue, which are clear and unambiguous.

### Eleventh Affirmative Defense

Plaintiff is liable to BCBSLA for attorney's fees and costs pursuant to ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

### Twelfth Affirmative Defense

If this Court finds that benefits are payable under the Plan, BCBSLA avers that the denial of coverage was based upon just and reasonable grounds and that Plaintiff's claim does not satisfy the requirements of 29 U.S.C. § 1132(g)(1). Therefore, Plaintiff is not entitled to recover attorney's fees.

### Thirteenth Affirmative Defense

Plaintiff is not entitled to recover penalties, damages, or attorney's fees under either state law (which is completely preempted) or ERISA.

### Fourteenth Affirmative Defense

If this Court finds that benefits are payable under the Plan, BCBSLA avers that the denial of coverage was based upon just and reasonable grounds and that Plaintiff's claim

does not satisfy the requirements of 29 U.S.C. § 1132(g)(1). Therefore, Plaintiff is not entitled to recover attorney's fees.

### Fifteenth Affirmative Defense

BCBSLA specifically pleads the applicability of the terms, conditions, and exclusions contained in the Plan and made the basis of this litigation, as said contract provides the best evidence of such terms, conditions, and exclusions.

### Sixteenth Affirmative Defense

BCBSLA denies that it has committed any unlawful practices and denies that Plaintiff has suffered any damages at the fault of BCBSLA. In the alternative, BCBSLA asserts that Plaintiff failed to mitigate his damages as required by law.

### Seventeenth Affirmative Defense

Any and all factual allegations, legal conclusions, or inferences therefrom contained in Plaintiff's Petition are hereby denied unless specifically and expressly admitted.

### Eighteenth Affirmative Defense

In answering Plaintiff's Petition, BCBSLA is not certain which affirmative defenses may apply as this matter proceeds to trial. BCBSLA reserves to itself all additional defenses available under the Plan, under the terms of ERISA, and based on further investigation. BCBSLA also reserves the right to add additional affirmative defenses throughout the course of this case. BCBSLA will dismiss any affirmative defense that does not appear to be reasonably supported by the facts and/or the law at the pretrial conference.

**AND NOW**, answering the individual allegations of Plaintiff's Petition, BCBSLA represents as follows:

1.

Upon information and belief, BCBSLA admits the allegations of Paragraph 1 of Plaintiff's Petition.

2.

BCBSLA denies the allegations in Paragraph 2 of Plaintiff's Petition as written. BCBSLA is a domestic insurance company authorized to do and doing business in the State of Louisiana. BCBSLA's agent for service of process is Michele S. Calandro, 5525 Reitz Avenue, Baton Rouge, Louisiana 70809.

3.

BCBSLA denies the allegations of Paragraph 3 of Plaintiff's Petition.

4.

BCBSLA denies the allegations of Paragraph 4 of Plaintiff's Petition. Jurisdiction and venue are proper in the United States District Court for the Western District of Louisiana.

5.

Upon information and belief, BCBSLA admits the allegations of Paragraph 5 of Plaintiff's Petition. The Plan is a written document and is the best evidence of its own contents. BCBSLA specifically denies any allegations inconsistent with the specific terms, exceptions, conditions, and exclusions of the Plan.

6.

BCBSLA denies the allegations of Paragraph 6 of Plaintiff's Petition. BCBSLA issued the Plan to the group policyholder shown on the schedule of benefits, Robert L. Salim, APC (the "Group") (group identification number XXXX1ERC). The original effective date of the Plan was May 1, 2009. The Plan (with an amended effective date of May 1, 2018) bears form number 40XX0492 R01/18. The Group and the Plan are subject to ERISA. The Plan is a written document and is the best evidence of its own contents. BCBSLA specifically denies any allegations inconsistent with the specific terms, exceptions, conditions, and exclusions of the Plan.

7.

Upon information and belief, BCBSLA believes the allegations in Paragraph 7 of Plaintiff's Petition to be true.

8.

BCBSLA denies the allegations of Paragraph 8 of Plaintiff's Petition for lack of sufficient information to justify a belief therein.

9.

BCBSLA denies the allegations of Paragraph 9 of Plaintiff's Petition for lack of sufficient information to justify a belief therein. BCBSLA admits that Plaintiff and/or his providers submitted claims for benefits under the Plan.

10.

BCBSLA denies the allegations of Paragraph 10 of Plaintiff's Petition as written. BCBSLA admits that AIM Specialty Health ("AIM"), on behalf of BCBSLA, sent a letter


addressed to Robert Salim dated October 12, 2018.  The letter is a written document and is the best evidence of its own contents.

11.

In response to Paragraph 11 of Plaintiff's Petition, BCBSLA admits receipt of a letter dated October 17, 2018 from Robert L. Salim.  BCBSLA handled said letter as a request for an appeal.  The letter is a written document and is the best evidence of its own contents.

12.

BCBSLA denies the allegations of Paragraph 12 of Plaintiff's Petition as written. BCBSLA admits that on October 20, 2019, Allmed Healthcare Management completed an Independent Medical Review and concluded that the treatment was not medically necessary based on clinical documentation, medical policy, and the Plan.  On October 20, 2019, BCBSLA issued a letter to Plaintiff explaining the review.  The review and letter are written documents and are the best evidence of their own contents.

13.

BCBSLA denies the allegations of Paragraph 13 of Plaintiff's Petition as written. BCBSLA admits that on October 31, 2018, Medical Review Institute of America, LLC, an Independent Review Organization randomly selected by the Louisiana Department of Insurance, conducted an independent review of the treatment to determine if the adverse benefit determination was appropriate and concluded that the previous determination should be upheld.  The decision is a written document and is the best evidence of its own contents.

14.

In response to Paragraph 14 of Plaintiff's Petition, BCBSLA admits that Plaintiff has exhausted all appeals with regard to the treatment at issue in this lawsuit.

15.

BCBSLA denies the allegations of Paragraph 15 of Plaintiff's Petition.

16.

BCBSLA denies the allegations of Paragraph 16 of Plaintiff's Petition as written. BCBSLA admits that Plaintiff and/or his providers submitted claims for benefits under the Plan for the treatment at issue in this lawsuit.

17.

BCBSLA denies the allegations of Paragraph 17 of Plaintiff's Petition as written. The Plan is a written document and is the best evidence of its own contents. BCBSLA specifically denies any allegations inconsistent with the specific terms, exceptions, conditions, and exclusions of the Plan.

18.

BCBSLA denies the allegations of Paragraph 18 of Plaintiff's Petition.

19.

BCBSLA denies the allegations of Paragraph 19 of Plaintiff's Petition as written. The Plan is a written document and is the best evidence of its own contents. BCBSLA specifically denies any allegations inconsistent with the specific terms, exceptions, conditions, and exclusions of the Plan.

20.

BCBSLA denies the allegations of Paragraph 20 of Plaintiff's Petition as written.

21.

BCBSLA denies the allegations of Paragraph 21 of Plaintiff's Petition.

22.

BCBSLA denies the allegations of Paragraph 22 of Plaintiff's Petition.

23.

BCBSLA denies the allegations of Paragraph 23 of Plaintiff's Petition.

24.

BCBSLA denies the allegations of Paragraph 24 of Plaintiff's Petition.

25.

BCBSLA denies the allegations of Paragraph 25 of Plaintiff's Petition.

26.

BCBSLA denies the allegations of Paragraph 26 of Plaintiff's Petition.

27.

BCBSLA denies the allegations of Paragraph 27 of Plaintiff's Petition.

28.

BCBSLA denies the allegations of Paragraph 28 of Plaintiff's Petition.

29.

BCBSLA denies the allegations of Paragraph 29 of Plaintiff's Petition.

30.

The remaining unnumbered Paragraph in Plaintiff's Petition contains Plaintiff's prayer for relief, which requires no answer on the part of BCBSLA; however, in the event an answer is required, BCBSLA denies that Plaintiff is entitled to Judgment against BCBSLA as requested.

**WHEREFORE**, BCBSLA prays that there be judgment herein in favor of Defendant and against Plaintiff, dismissing Plaintiff's demand at his cost, and that BCBSLA be awarded attorney's fees in accordance with the provisions of ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1).

Respectfully submitted:

By: */s/ Charles A. O'Brien, III*
Allison Nunley Pham (LA Bar No. 29369)
Charles A. O'Brien, III (LA Bar No. 10143)
Jessica W. Chapman (LA Bar No. 31097)
Richard A. Sherburne, Jr. (LA Bar No. 02106)
5525 Reitz Avenue (70809)
Post Office Box 98029
Baton Rouge, Louisiana 70898-9029
Telephone:   (225) 295-2199
Facsimile:    (225) 297-2760
Allison.Pham@bcbsla.com
Andy.O'Brien@bcbsla.com
Jessica.Chapman@bcbsla.com
Richard.Sherburne@bcbsla.com

Attorneys for Defendant Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 21st day of June 2019, a copy of the foregoing **Answer and Affirmative Defenses to Plaintiff's Petition** was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Ronald E. Corkern, Jr. by operation of the Court's electronic filing system.

*/s/ Charles A. O'Brien, III*
Charles A. O'Brien, III