UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT L. SALIM | CASE NUMBER: 19-CV-00442 |
| VERSUS | JUDGE: DRELL |
| LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, ET AL | MAGISTRATE JUDGE: PEREZ-MONTES |

### PLAINTIFF'S BRIEF IN SUPPORT OF MOTION FOR ATTORNEY FEES

Plaintiff brought this action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, et seq. (ERISA) against his group health benefits insurer, Louisiana Health Service & Indemnity Co. d/b/a Blue Cross & Blue Shield of Louisiana ("BCBSLA"). Plaintiff sought coverage for photon beam radiation therapy ("PBT"), a cancer treatment, that had been denied by BCBSLA.

After briefing by the parties, the Court found that BCBSLA abused its discretion in finding that Plaintiff's PBT treatment was not medically necessary. (Docs. 39 and 41)  The Court ordered BCBSLA to pay Plaintiff's medical bills related to PBT. (Docs.39 and 41).

Plaintiff now, through undersigned counsel, respectfully submits this memorandum for consideration by the Court in support of this motion for attorney's fees pursuant to ERISA §502(g)(1); (29 U.S.C. §1132(g)(1)).

## LAW AND ARGUMENT

### I. Entitlement to Attorneys Fees

In an action to recover ERISA benefits by a plan participant, "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). A claimant "must show 'some degree of success on the merits' before a court may award attorney's fees. *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 255, 130 S. Ct. 2149, 176 L. Ed. 2d 998 (2010) (quoting *Ruckelshaus v. Sierra Club*, 462 U.S. 680, 694, 103 S. Ct. 3274, 77 L. Ed. 2 938 (1983)) Success means "the court can fairly call the outcome of the litigation some success on the merits without conducting a lengthy inquiry into the question whether a particular party's success was substantial or occurred on a central issue." *Id.* The court, may, but is not required to, weigh five factors in deciding whether to award attorney's fees: (1) the degree of the opposing party's culpability or bad faith; (2) the opposing party's ability to satisfy an award of attorney's fees; (3) the deterrent effect of an award on other persons in similar circumstances; (4) whether the party requesting fees sought to confer a common legal benefit on all participants and beneficiaries of an ERISA plan or resolve significant legal questions regarding ERISA; and (5) the relative merits of the parties' positions. *Iron Workers Local No. 272, v. Bowen* 624 F.2d 1255, 1266 (5th Cir. 1980); *Hardt v. Reliance Standard Life Ins. Co,*

*supra.*

### 1. *Degree of culpability/bad faith*

BCBSLA's conduct in plaintiff's claim, is, in light of Dr. Clifton Fuller's expedited and urgent request to BCBSLA for PBT, was in bad faith. Even if not found in bad faith, BCBSLA's conduct was highly culpable. On October 30, 2018, Dr. Fuller presented peer-reviewed evidence and specialty society policy statements to show that PBT was the current nationally-accepted standard of care for advanced head and neck cancer and that it was medically necessary to treat Mr. Salim's condition. (Doc. 39) Dr. Fuller's request was reviewed by an unnamed physician reviewer who is a radiation oncologist, but who apparently has no experience in PBT. (Doc. 39) The reviewer upheld the previous denials of coverage asserting that PBT was still in trial and not yet recommended and that the "long terms safety and efficacy of PBT was not yet established as "a standard treatment option for patients with head and neck cancer." (Doc. 39)

The Court found that BCBSLA abused its discretion in finding that Mr. Salim's PBT was not medically necessary. (Doc. 39) BCBSLA's denial of coverage was both erroneous and arbitrary by virtue of being contrary to the up-to-date evidence and policies submitted by Dr. Fuller which declared PBT as medically necessary and the standard of care for advanced head and neck cancer that involved the base of the skull - Salim's diagnosis. Further, this

Court found that the BCBSLA's final physician reviewer even misstated the NCCN guidelines as a basis to deny coverage to Mr. Salim. (Doc. 39). This fact, in and of itself, shows bad faith or at least a high degree of culpability. This factor must weight heavily in favor of an award of attorney's fees and costs to plaintiff.

### 2. *Opposing party's capacity to pay fee award*

Defendant, Louisiana Health Service & Indemnity Company d/b/a Blue Cross & Blue Shield of Louisiana, is a large insurance company with Blue Cross & Blue Shield having a nation-wide presence. Defendant's capacity to pay an award of attorney's fees in this case cannot seriously be doubted. Thus, the second factor weighs in favor of awarding attorney's fees and costs to plaintiff.

### 3. *Deterrent effect*

It could hardly be said that an award of attorney's fees in this one case in Louisiana would forever ensure the Plan's or any other ERISA fiduciary's future behavior and proper determination of benefit claims. At the same time, it certainly would not hurt. ERISA does not allow for any type of punitive or other extra-contractual damages. The notion that the insurer should not be punished at all on grounds that the only available punishment is too small hardly furthers the interests of justice. Denial of attorney fee petitions only encourages plan administrators to deny benefits, forcing each claimant to sue to enforce his rights. If

attorney's fees were not permitted, the Plan's only risk in improperly denying a claim is having to eventually pay the benefits it owed anyway. Finally, an attorney's fee award should be particularly appropriate where a claimant has to go to court to gain redress of an arbitrary decision that is inconsistent with established peer reviewed medical research and standards.

This case in which BCBSLA issued an arbitrary denial of benefits is contrary to established precedent. An award of attorney's fees would stand as some deterrent against doing so again, in this or other cases. See *Moon v. UnumProvident Corp.*, 461 F.3d 639, 645 (6th Cir. 2006)(finding some deterrent effect where insurer was culpable, and errors that formed the basis of its culpability were not so factually unique as to be inapplicable in future circumstances).

### 4. *Common benefit/resolution of significant legal issue*

This factor is somewhat inapposite to the present case, as this is an individual claim for benefits relying on what was already a nationally-accepted standard of care for advanced head and neck cancer at the time Mr. Salim's requests were denied. At the same time, the case is significant insofar as it serves to ensure continued compliance with settled law and up-to-date standards of care for patients in Mr. Salim's situation. BCBSLA is a frequent ERISA litigator, both as a claims administrator and as an insurer. All ERISA beneficiaries benefit when a frequent actor

such as BCBSLA is held to task and required to perform its duties in a manner consistent with established up-to date precedent. The fact that Mr. Salim was required to go to court to seek redress on already nationally accepted standards of care for his cancer should mitigate towards an attorney's fee award, not against.

### 5. *Relative merits of the parties' positions*

With regard to the relative merits of the parties' positions, Plaintiff can best point to the Magistrate's Report and Recommendations (Doc. 39). The court not only found Plaintiff's position to be superior, it found the Plan's decision to deny benefits was arbitrary and capricious for a multitude of reasons. This factor should weigh heavily toward an award of attorney's fees.

## II. Amount of Attorney's fees.

The court has discretion to set a "reasonable" fee. 29 U.S.C. § 1132(g)(1). Although counsel for plaintiff took this case on a contingency fee basis, the Supreme Court in *Hensley v. Eckerhardt*, 461 U.S. 424 (1983), provided that the "lodestar method" shall be applicable in all federal cases in which Congress has authorized a fee shifting award. The lodestar method provides a two step approach: the basic lodestar figure is calculated by determining the reasonable number of hours spent multiplied by a reasonable hourly rate. The basic lodestar figure may then be subject to upward or downward adjustments as warranted by the particular

circumstances of the case using the factors set forth in *Johnson v. Georgia Highway Express*, 488 F. 2d 714, 717-19 (5th Cir. 1974) The *Johnson* factors include: (1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases. *Johnson*, 488 F.2d at 717-19.

1. *Hours*

Plaintiff claims 51.7 attorney hours to be compensated at a rate of $ 250.00 per hour or $12,925.00; plus $350.00 filing fee paid to commence this action. This represents a total figure of $13,275.00. An affidavit of hours spent including the identity and qualifications of the attorney is attached.

2. *Market Hourly Rate*

Plaintiff asserts that $250.00 per hour is the reasonable market rate for representation in this case. Identifying a market rate for this type of work will always be difficult, as the vast

majority of plaintiffs, as is the case here, will obtain representation on a contingency, rather than hourly, basis. However, $250.00 is reasonable and customary, if not actually lower than average,

   3.   *Johnson factors applied to the case*

Applying the 12 *Johnson* factors to the present case would heavily weigh in favor of an upward increase in the lodestar. (1) The time and labor expended on this case was immense as is reflected in the attached billing records. (2) Similarly, the novelty of this case was at issue as well; The fact that BCBSLA had apparently not recognized PBT as a nationally-accepted standard of care for cancer patients with Mr. Salim's condition, makes this a novel case by definition. (3) The requisite skill to perform the legal services was also very high; This case was pending in federal court and involved complex medical issues. (4) The amount of time spent on this case precluded plaintiff's counsel from working on other matters; (5) &(6) While the plaintiff had a contingency fee agreement with his counsel in this matter, the hourly rate plaintiff's counsel charged was <u>less</u> than the customary fee in this case. (7) There is no question that the time limitations under the circumstances were critical; When battling cancer, time is of the essence for medically necessary treatment in order to have a chance at a positive outcome. (8) The results of this case were 100% in favor of plaintiff (9) Plaintiff's attorney is experienced with an

excellent reputation (10) the case was "undesirable" in the sense that the outcome of the case could have meant life or death for the plaintiff. (11) This matter has been pending for 3 ½ years; (12) Awards for attorney's fees have been made in similar cases.

Plaintiff shows that the exact amount of the Proton Beam Therapy is yet to be determined but it is in excess of $75,000.00.

## Conclusion

Plaintiff hereby requests this Honorable Court award attorney's fees and costs to be paid by defendants in the total amount of $25,000.00 (1/3 of $75,000.00) for attorney's fees and $350.00 in costs. Alternatively, plaintiff requests that attorney's fees be increased from the Lodestar formula set forth above based upon the *Johnson* factors.

*/s/Ronald E. Corkern, Jr.*
RONALD E. CORKERN, JR., Bar Roll #4403
   Attorney for Salim
CORKERN, CREWS & GUILLET, L.L.C.
Post Office Box 1036
Natchitoches, Louisiana 71458-1036
Phone:  (318)352-2302
Fax:    (318)352-7548
E-mail: rcorkern@ccglawfirm.com

## CERTIFICATE

I hereby certify that on July 13, 2022 a copy of the foregoing Motion was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system.

                              */s/Ronald E. Corkern, Jr.*
                              OF COUNSEL