UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| ROBERT L. SALIM | CASE NUMBER: 19-CV-00442 |
| VERSUS | JUDGE: DRELL |
| LOUISIANA HEALTH SERVICE & INDEMNITY COMPANY, ET AL | MAGISTRATE JUDGE: PEREZ-MONTES |

**OPPOSITION TO DEFENDANT'S APPEAL AND OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**

MAY IT PLEASE THE COURT:

Defendant, Louisiana Health Service & Indemnity Company, d/b/a Blue Cross Blue Shield of Louisiana (BCBSLA) has filed an appeal (Doc. 46) of the Magistrate Judge Joseph H.L. Perez-Montez's Order (Doc. 43) granting Plaintiff, Robert Salim's, Motion for Attorney Fees. (Doc. 42) Plaintiff opposes Defendant's appeal for the following reasons:

**I. An award of $25,000.00 was appropriate under the circumstances of this case.**

Pursuant to ERISA, the court has discretion to set a "reasonable" fee. 29 U.S.C. § 1132(g)(1). Plaintiff agrees that in determining an attorney fee award, the lodestar method must initially be utilized to determine the amount to be awarded. Defendant would have you believe that is where the analysis stops. However, the Supreme Court in *Hensley v. Eckerhardt*, 461 U.S. 424 (1983), stated that the product of reasonable hours times a

-1-

reasonable rate does not end the inquiry. There remain other considerations that may lead the district court to adjust the fee upward or downward, including the important factor of the "results obtained." *Id*. The Court may make an upward or downward adjustment as warranted by the particular circumstances of the case using the factors set forth in *Johnson v. Georgia Highway Express*, 488 F. 2d 714, 717-19 (5th Cir. 1974). *Id*. The *Johnson* factors include: (1) the time and labor required for the litigation; (2) the novelty and complication of the issues; (3) the skill required to properly litigate the issues; (4) whether the attorney had to refuse other work to litigate the case; (5) the attorney's customary fee; (6) whether the fee is fixed or contingent; (7) whether the client or case circumstances imposed any time constraints; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) whether the case was "undesirable;" (11) the type of attorney-client relationship and whether that relationship was long-standing; and (12) awards made in similar cases. *Johnson*, 488 F.2d at 717-19.

Plaintiff analyzed each of the Johnson factors in his Motion for Attorneys Fees (Doc. 42) which weigh heavily in favor of an increase in the lodestar award. Additionally, in his affidavit, plaintiff's counsel asserted that the hourly market rate utilized to calculate the lodestar was actually less than the customary fee

charged for this type of case. For undersigned counsel, the hourly rate used to calculate the lodestar was actually lower than the hourly rate ordinarily charged by undersigned counsel. For the past five years, the majority of counsel's work has been serving as a mediator at a rate of $350/hour. More recently, undersigned counsel was appointed by U.S. District Judge James D. Cain, Jr. to serve as a Court Appointed Neutral in the Hurricane cases filed in the Western District at a rate of $400/hour. (See Order Appointing Additional Neutrals and excerpt from Case Management Order No. 1 – In Re: Hurrican Laura and Hurricane Delta Claims attached hereto in globo as "Exhibit 1")

Further, plaintiff's counsel had originally taken this matter on a contingency fee basis. As asserted in their Motion for Attorney Fees (Doc. 42), while the exact amount of the Proton Beam Therapy is yet to be determined, it is in excess of $75,000.00. Thus, the Court's upward adjustment of the lodestar amount to $25,000.00 was highly appropriate considering all of the facts and circumstances of this case.

## II. The Bowen factors weigh in favor of an award of attorney's fees.

In deciding whether to award fees in an ERISA case, the court **_may – but is not required to_** – consider the five factors set forth in *Iron Workers Local No. 272, v. Bowen* 624 F.2d 1255, 1266 (5th Cir. 1980). *Romano Woods Dialysis Ctr. v. Admiral Linen Serv.,*

2015 U.S. Dist. LEXIS 84300 (S.D. Tex., 6/30/15) citing *Lifecare Mgmt. Servs., LLC v. Ins. Mgmt Adm'rs*, Inc., 703 F. 3d 835, 846 (5th Cir. 2013)(citing *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 130 S. Ct. 2149, 176 L. Ed. 2d 998 (2010); *1 Lincoln Fin. Co. v. Metro Life Ins. Co.*, 248 F. App'x 394, 396 (5th Cir. 2011)).(emphasis added) The Court in *Lifecare Mgmt. Servs., LLC v. Ins. Mgmt Adm'rs*, Inc., *supra*, noted that "the Supreme Court has clarified that we do not need to consider the Bowen factors," and that, "as the Supreme Court made clear in *Hardt*,...the Bowen factors are discretionary."

However, in the event the Court, in its discretion, decided to utilize the *Bowen* criteria in order to determine whether an attorney fee award was appropriate, Plaintiff did address each of the factors in his Motion for Attorney Fees (Doc. 42) and showed how each of these factors weighed heavily in favor of an attorney fee award. Plaintiff reasserts its argument related to each of the Bowen factors as set forth in it's Motion for Attorney Fees. However, Plaintiff does want to address Defendant's assertion on page 9 of their brief that an "allegation" by Plaintiff was "factually incorrect." Specifically, Defendants state in their opposition, "On page four (4) of his Brief in Support of the Motion for Attorney Fees (Doc. 42-1), Plaintiff alleges that 'BCBSLA'S final physician reviewer even misstated the NCCN guidelines...' This is factually incorrect". Plaintiff shows that this was merely

-4-

a restatement of a finding by the Magistrate Judge in his Report and Recommendations (Doc. 39), not an allegation by the Plaintiff. Further, Plaintiff was quoting the Magistrate Judge when he referred to the final reviewer as "BCBSLA's final physician-reviewer" on page 16 of his Report and Recommendations. (Doc. 39). It appears that BCBSLA is attempting to make Plaintiff appear as if he is mis-stating facts, which is "factually incorrect."

## Conclusion

Plaintiff hereby requests this Honorable Court affirm the award of attorney's fees and costs to Plaintiff.

*S/Ronald E. Corkern, Jr.*
RONALD E. CORKERN, JR., Bar Roll #4403
   Attorney for Salim
CORKERN, CREWS & GUILLET, L.L.C.
Post Office Box 1036
Natchitoches, Louisiana 71458-1036
Phone: (318)352-2302
Fax: (318)352-7548
E-mail: rcorkern@ccglawfirm.com

**CERTIFICATE**

I hereby certify that on August 16, 2022 a copy of the foregoing Motion was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent to all counsel by operation of the Court's electronic filing system.

*S/Ronald E. Corkern, Jr.*
OF COUNSEL