UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| **ROBERT L. SALIM,** | * | CIVIL ACTION NO. 1:19-cv-00442 |
| *Plaintiff* | * | |
| **VERSUS** | * | |
| | | JUDGE DAVID C. JOSEPH |
| | * | |
| **LOUISIANA HEALTH SERVICE & INDEMNITY CO.,** | * | |
| | | MAGISTRATE JUDGE JOSEPH |
| *Defendant* | * | H. L. PEREZ-MONTES |

\*   \*   \*   \*   \*   \*

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S APPEAL AND OBJECTIONS TO MAGISTRATE JUDGE'S ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES**

**MAY IT PLEASE THE COURT**:

Defendant, Louisiana Health Service & Indemnity Company, d/b/a Blue Cross Blue Shield of Louisiana ("BCBSLA") files this reply to Robert Salim's (hereafter; either "Salim or Plaintiff") Response in Opposition (Doc. 49) to Defendant's Appeal and Objections (Doc. 46) to the Magistrate Judge Joseph H.L. Perez-Montez's Order ("Order") (Doc. 43) filed July 26, 2022, granting Plaintiff's Motion for Attorney Fees (Doc. 42).

**Procedural History**

On July 13, 2022, Plaintiff filed his Motion for Attorney Fees (Doc. 42). On the same date, the Clerk of Court noted the Motion as ripe for decision. Magistrate Judge Joseph H.L. Perez-Montez granted Plaintiff's Motion for Attorney Fees in the Order (Doc.

1

43) dated July 27, 2022, awarding Plaintiff twenty-five thousand dollars $25,000.00 in attorney fees.

Pursuant to Local Rule 74.1.1, BCBSLA filed an Appeal and Objections (Doc. 46) to Order (Doc. 43) on July 26, 2022.

The court filed a Notice of Motion Setting (Doc. 47) for the Appeal and Objections (Doc. 46). The Court granted Plaintiff twenty-one (21) days to file a response to the Appeal and Objections (Doc. 46) and five (5) days thereafter for BCBSLA to file a reply. Prior to the briefing deadlines expiring, the District Court remanded the matter back to the Magistrate Judge in an Amended Judgment entered on August 11, 2022 (Doc. 48). On August 16, 2022, Plaintiff filed a Response (Doc. 49) despite the Appeal and Objections being remanded to the Magistrate Judge.

Out of an abundance of caution, BCBSLA files this Reply pursuant to the Notice of Motion Setting (Doc. 47).

**Reply to Plaintiff's I**

Plaintiff argues that the twenty-five-thousand-dollar ($25,000.00) attorney fee award was reasonable based on the twelve (12) factors cited in *Johnson*.[1] BCBSLA asserts that Plaintiff's reliance on *Johnson* is misplaced.

First, *Johnson* was decided on January 21, 1974 almost nine (9) months before ERISA was signed into law by President Gerald Ford on September 2, 1974. Therefore, *Johnson* cannot be an authority to justify an award greater than that requested by Plaintiff in an ERISA case.( *See* Doc. 42-2 and 42-3). Second, the 5th Circuit has consistently held

---

[1] *Johnson vs. Georgia Highway Express* 488F.2d 714, 717-719 (5th Cir. 1974). (Doc. 49 pages 2-3).

2

that the *Bowen* factors are the guide to determine if any attorney fee award is reasonable under ERISA.

> "...the district court properly identified the appropriate five factors to be used in determining the underlying awards of attorneys' fees under ERISA. Those factors are as follows:
> (1) the degree of the opposing parties' culpability or bad faith;
> (2) the ability of the opposing parties to satisfy an award of attorneys' fees;
> (3) whether an award of attorneys' fees against the opposing party would deter other persons acting under similar circumstances;
> (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; and
> (5) the relative merits of the parties' position."[2]

The long line of 5th Circuit jurisprudence relies on *Bowen* and does not address *Johnson* factors as urged by the Plaintiff in awarding attorney fees in ERISA cases..

BCBSLA submits that the court has broad discretion in awarding attorney fees.[3] However, Plaintiff submitted the affidavit of his lead attorney, Ronald E. Corkern, Jr. (Doc. 42-2 Affidavit of Ronald E. Corkern, Jr.). In Paragraph seven (7) of the affidavit, Plaintiff's attorney provides the calculation that he considers proper under the Fifth Circuit's jurisprudence. After the calculation, the total amount of attorney fees claimed by Plaintiff was twelve thousand nine hundred twenty-five dollars ($12,925.00). There is simply no basis in law, nor in any admissible evidence attached to the Plaintiff's Motion for Attorney Fees for Plaintiff to now argue that the twenty-five-thousand-dollar ($25,000.00) award is reasonable given the sworn testimony of Ronald E. Corkern, Jr.

The Plaintiff also argues that Ronald E. Corkern, Jr. was appointed by this court as a mediator in Hurricane cases at a rate of four hundred dollars ($400.00) an hour (Doc.

---

[2] *Gibbs v. Gibbs*, 210 F.3d 491, 504 (5th Cir. 2000) *citing Iron Workers Local No. 272 v. Bowen*, 624 F.2d 1255 (5th Cir.1980). (Other Citations Omitted)
[3] *Gibbs v. Gibbs*, 210 F.3d 491, 503 (5th Cir. 2000) ). (Other Citations Omitted)

49 pg. 3). This is irrelevant to the award of attorney fees in ERISA cases. The 5th Circuit has clearly expressed the *Bowen* factors are the appropriate way to determine attorney fee awards in ERISA cases, not whether an attorney was appointed as a mediator in the same court.

This argument by Plaintiff is without merit.

**Reply to Plaintiff's II**

Plaintiff reiterates his argument based on the *Bowen* factors. In order to avoid duplicate arguments, BCBSLA directs the court to its previous argument on the *Bowen factors* (Doc. 46 pgs. 6-10).

## CONCLUSION

After a review of the record and BCBSLA's Appeal and Objections (Doc. 46), this Honorable Court should find that the award of attorney fees was error and should be reversed. In the alternative, BCBSLA submits that a calculation needs to be performed and a reasonable amount should be awarded pursuant to the loadstar calculation if the court finds that the Plaintiff is entitled to attorney fees.

**Intentionally Left Blank**

Respectfully Submitted:

By: */s/ Douglas M. Chapoton*
Richard A. Sherburne (LA Bar No. 02106)
Jessica W. Chapman (LA Bar No. 31097)
Douglas M. Chapoton (LA Bar No. 25616)
5525 Reitz Avenue (70809)
Post Office Box 98029
Baton Rouge, Louisiana 70898-9029
Telephone:   (225) 295-2116
Facsimile:    (225) 297-2760
Richard.Sherburne@bcbsla.com
Jessica.Chapman@bcbsla.com
Douglas.Chapton@bcbsla.com

*Attorneys for Defendant Louisiana Health Service & Indemnity Company, d/b/a Blue Cross and Blue Shield of Louisiana*

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the above and foregoing pleading has been served on all counsel of record by filing the same in this Court's CM/ECF system on this 22nd day of August, 2022.

*/s/ Douglas M. Chapoton*
Douglas M. Chapoton